| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------x | NOT FOR PUBLICATION |
| SANTA ASENCIO,<br><br>       Plaintiff,<br><br>  - versus -<br><br>JET BLUE AIRWAYS,<br><br>       Defendant.<br>-------------------------------------------------------------x | <br><br><br><br>MEMORANDUM AND ORDER<br>12-CV-4209 (JG) |

JOHN GLEESON, United States District Judge:

  Plaintiff Santa Asencio ("Asencio"), appearing *pro se*, files this action asserting that JetBlue Airways ("JetBlue") violated her rights by failing to provide her with adequate wheelchair assistance when she flew with her daughter, Mary Lopez ("Lopez"), from JFK Airport to Puerto Rico on July 3, 2009 and back to JFK Airport on July 10, 2009.  I grant Asencio's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order.  For the reasons discussed below, the complaint is dismissed with prejudice.

A. *Standard of Review*

  In reviewing Asencio's complaint, I am mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). "The policy of liberally construing *pro se* submissions is driven by the understanding that 'implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of

1

important rights because of their lack of legal training.'" *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (text modification omitted)). Moreover, under 28 U.S.C. § 1915(e)(2)(B), a district court has an independent obligation to review a complaint filed *in forma pauperis* and must dismiss the complaint *sua sponte* if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

B.   *Procedural History*

On August 15, 2012, Santa Asencio filed the instant complaint. The complaint alleges that Ascenio requested wheelchair assistance at the airport, but JetBlue failed to provide a wheelchair on either July 3, 2009 or July 10, 2009. She alleges that "th[ese] two incidents . . . caused [her] a lot of pain, headache, anguish, insomnia, trauma based on [her] age 84 years old . . . make me feel discriminated." Compl. at 2, ECF. No. 1. This complaint arises out of the same facts and raises the same claims as a series of *pro se* complaints filed by Asencio's daughter, Lopez. Since it is relevant to our discussion, I briefly review the procedural history of the Lopez litigation.

On April 6, 2010 Lopez filed a *pro se* complaint alleging that both she and her mother, Asencio, were denied adequate wheelchair assistance while traveling on JetBlue flights on July 3, 2009 and July 10, 2009. In her amended complaint, Lopez claimed that "she *and her mother* [Asencio], who is also disabled, were not provided with wheelchairs in a timely fashion when they arrived at the airport in Aguadilla." *See Lopez v. Jet Blue Airways*, No. 10-Civ-1552, 2010 WL 3311428, at *1 (E.D.N.Y. 2010) (emphasis added). When she and Asencio arrived in

New York, "*they* were taken by wheelchair to baggage claim but were not taken to their car." *Id.* (emphasis added). I construed Lopez's complaint as asserting claims pursuant to the Air Carrier Access Act of 1986 ("ACCA") ; and (2) Title III of of the Americans with Disabilities Act of 1990 ("Title III"). Because I concluded that neither statute entitled Lopez to bring an action against JetBlue under the circumstances presented, I dismissed the action with prejudice. *Id.* at *3-*4.

Lopez appealed my decision to the United States Court of Appeals for the Second Circuit, which affirmed the decision and held, as a matter of first impression, that (1) no private right of action exists for a violation of the ACCA, and (2) Title III does not apply to services provided by an air carrier in an airport terminal used primarily to facilitate air transportation. *See Lopez v. JetBlue Airways*, 662 F.3d 593 (2d Cir. 2011).[1]

On January 4, 2012, Lopez filed a new action in this Court, asserting the same claims arising out of the same facts as Lopez's previously-dismissed action. By Order dated January 24, 2012, I dismissed Lopez's complaint with prejudice, holding the doctrine of *res judicata* "squarely bars this action." Order 2-3 *Lopez v. JetBlue Airways*, No. 12-Civ-0057 (E.D.N.Y. Jan 24, 2012), ECF No. 8, and I cautioned Lopez not to file additional duplicative actions. Lopez appealed this decision to the Second Circuit, but the Second Circuit summarily dismissed Lopez's appeal as lacking any basis in law or fact. *See Lopez v. Jet Blue Airways Corp*, No. 12-489 (2d Cir. June 27, 2012).[2]

On July 3, 2012, Lopez filed yet another complaint in this Court asserting the exact same claims arising out of the exact same facts – the denial of wheelchair assistance on

---

[1] The mandate issued on December 27, 2011.

[2] Lopez moved for reconsideration, which the Second Circuit denied on June 19, 2012.

July 3, 2009 and July 10, 2009.  By Order dated July 25, 2012, I again dismissed Lopez's complaint with prejudice as barred by *res judicata* and again cautioned Lopez not to file additional duplicative actions. *Lopez v. JetBlue Airways*, No. 12-Civ-3380 (E.D.N.Y. July 25, 2012), ECF No. 10.  Lopez appealed this decision to the Second Circuit.  JetBlue moved to dismiss the appeal and for "appropriate relief and/or sanctions against Lopez which will bar any further lawsuits (and appeals) against JetBlue." Memo. of Law in Supp. of Mot. to Dismiss, Aug. 20 2012, ECF No. 16.  In a decision dated October 9, 2012 the Second Circuit summarily affirmed the dismissal of Lopez's complaint. Though the Second Circuit denied JetBlue's request for sanctions,  it "warned [Lopez] that the continued filing of duplicative, vexatious, or clearly meritless appeals . . . will result in the imposition of sanctions."

C.      *Discussion*

Read liberally, Asencio's complaint may be understood to assert that JetBlue is liable under (1) the Air Carrier Access Act of 1986; and (2) Title III of the Americans with Disabilities Act of 1990.  On September 21, 2012, JetBlue wrote a letter strongly urging this Court to summarily dismiss Asencio's complaint, arguing that "Ms. Asencio's Complaint suffers from the same deficiencies as Mary Lopez's previously adjudicated claims," and that summary dismissal is necessary "in order to obviate the need for (a) JetBlue to incur further legal fees and . . . [this] Court to waste further judicial resources." Letter from JetBlue 1, Sept. 21, 2012, ECF No. 7,  In the alternative, JetBlue requests that its letter serve as a pre-motion letter pursuant to this Court's Individual Practice. *Id.* at 3.

I begin by considering whether Asencio is bound by the prior decision of this Court in the *pro se* actions brought by her daughter.  The doctrine of *res judicata* holds that "a

final judgment on the merits of an action precludes the parties *or their privies* from relitigating issues that were or could have been raised in that action." *See Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d. 275, 286-87 (2d Cir. 2000) (internal quotation marks omitted) (emphasis added). While *res judicata* is an affirmative defense that should normally be raised by the defending party in its answer, Fed. R. Civ. P. 8(c), the Supreme Court has recognized that it might be appropriate for a district court to raise the *res judicata* defense *sua sponte* in special circumstances. *Arizona v. California*, 530 U.S. 392, 412 (2000) ("[*res judicata*] is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.") (internal quotation marks omitted); *see also Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 398 n. 4 (2d Cir. 2003) (noting that a court is free to raise the defense of res judicata *sua sponte*"); 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4405, at 85-86 (2d ed. 2002) ("As courts become increasingly concerned with their own interests in forestalling repetitive litigation, it has become increasingly common to raise the question of preclusion on the court's own motion.").

I find that it is appropriate for this Court to consider a *res judicata* defense at this stage of the proceedings in order to avoid unnecessary judicial waste. "To prove the affirmative defense a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan*, 214 F.3d. at 287 (internal quotation marks omitted). I find that the judgment in the Lopez litigation has preclusive effect because each of the three prongs identified in *Monahan* is easily met.

5

First, this Court's decision denying Lopez's claims was undeniably a final judgment on the merits.  Second,  I find that there is "privity" between Lopez and Asencio.  Although Asecnio was not a named plaintiff in the Lopez litigation, it is settled in this circuit that literal privity is not a requirement for *res judicata* to apply.  *Monahan*, 214 F.3d at 285.  The issue of privity is one of substance rather than the names in the caption of the case.  *Alpert's Newspaper Delivery Inc. v. N.Y. Times Co.*, 876 F.2d 266, 270 (2d Cir. 1989).  Considering all the facts, I find that privity is met here.  While not dispositive to my privity finding, I note that the address and contact number listed on Asencio's complaint are the same as the address and phone number listed on each of Lopez's three complaints, and that Asencio's complaint appears to be written in handwriting indistinguishable from the handwriting of Lopez's complaints. Third, I find that Asencio's interests were adequately raised in the prior proceedings and, to the extent they were not, they could have been.  Accordingly, I find that Asencio had a fair and adequate opportunity to litigate all her claims, and that, therefore, her action is barred by the doctrine of *res judicata*.[3]

Even if Asencio's complaint were not barred by *res judicata*, it also would fail on the merits, as her Title III and ACCA claims fail to state a claim for which relief can be granted by this Court.  *See Lopez v. JetBlue Airways*, 662 F.3d 593 (2d Cir. 2011).  Liberally construing the complaint, I find no other claim to be alleged; therefore Asencio's complaint lacks all merit and is dismissed in its entirety with prejudice.

JetBlue requests an order "prohibit[ing] Ms. Asencio from filing any further

---

[3]  A denial of *res judicata* would not only subject JetBlue to duplicate litigation, but also needlessly duplicate litigation conducted in this Court and the Second Circuit. Such an outcome would violate the underlying purposes of *res judicata*: "protecting litigants from the burden of relitigating an identical issue with the same party or his privy and . . . promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979).

claims related to the events which give risk to the instant suit." ECF No. 7, at 3. This request is denied. However, Asencio is hereby on notice that duplicative litigation in this Court may result in an order barring her from filing any new actions *in forma pauperis* without prior permission. *See Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005) (setting forth the "unequivocal rule in this circuit . . . that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.") (internal quotation marks omitted).

D.      *Conclusion*

The complaint is dismissed with prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). I certify pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

_____
John Gleeson, U.S.D.J.


Dated: Brooklyn, New York
       November 7, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SANTA ASENCIO,

                Plaintiff,

    -versus-                                      CIVIL JUDGMENT
                                                        12-CV-4209 (JG)

JETBLUE AIRWAYS,

                Defendant.
------------------------------------------------------------x

       Pursuant to the Order issued by the undersigned on November 7, 2012, dismissing the complaint.  28 U.S.C. § 1915(e)(2)(B)(ii), it is

       **ORDERED, ADJUDGED AND DECREED**: That the complaint is hereby dismissed.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

                                                       _____
                                                       JOHN GLEESON, U.S.D.J.

Dated:  Brooklyn, New York
          November, 7 2012